UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIJAH LEE MILLER,<br><br>           Plaintiff,<br><br>      v.<br><br>RAYMOND BRADFORD, et al.,<br><br>           Defendants. | No.  2:21-cv-2000 KJN P<br><br><br><br>ORDER |

Plaintiff is a state prisoner, proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis is granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff is obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's trust account.  These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the

amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

As discussed below, plaintiff's complaint is dismissed with leave to amend.

Screening Standards

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, 550 U.S. at 555.  However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Erickson v.

1   Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal

2   quotations marks omitted).  In reviewing a complaint under this standard, the court must accept as

3   true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the

4   pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236

5   (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

Plaintiff's Complaint

Plaintiff alleges the following.  In his first claim, plaintiff marked the box "retaliation," but alleges that on June 12, 2021, he was sexually assaulted in his cell by correctional officer Sam Hollison.  In his second claim, plaintiff raises allegations concerning events that led up to his conviction, claiming he was required to register as sex offender.  In his third claim, plaintiff marked the box "disciplinary proceedings," claiming K. McTaggart falsely detained plaintiff.  In his request for relief, plaintiff asks that defendant Bradford be charged with sexual predatory threats and gang related threats against plaintiff's nine-year old dead sister.

Plaintiff names as defendants R. Bradford, an inmate at the California Health Care Facility, and "et al" at CHCF.

Discussion

First Claim

Examination of the complaint and review of the court's dockets reveals that plaintiff's first claim filed in this action contains allegations that are virtually identical to, and therefore duplicative of, claims raised in the complaint filed October 29, 2021, in Miller v. Hollison, No. 2:21-cv-1700 KJN P (E.D. Cal.).[1]  "A complaint 'that merely repeats pending or previously litigated claims'" is subject to dismissal under 28 U.S.C. § 1915(e).  Cato v. United States, 70 F.3d 1103, 1105 (9th Cir. 1995) (quoting Bailey v. Johnson, 846 F.2d 1019, 1021 (5th Cir. 1988)).  "[A] duplicative action arising from the same series of events and alleging many of the same facts as an earlier suit" may be dismissed as frivolous or malicious under section 1915(e).  See Bailey, 846 F.2d at 1021.

---

[1] A court may take judicial notice of court records.  See MGIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

In both this action and Miller v. Hollison, No. 2:21-cv-1700 KJN P, plaintiff alleges that Sam Hollison sexually assaulted plaintiff on June 12, 2021. While the instant action does not identify Sam Hollison as a defendant, plaintiff does not allege that any of the other defendants named in the instant action were involved in the June 12, 2021 sexual assault. The court finds that plaintiff's first claim is duplicative of plaintiff's claim in Miller v. Hollison, No. 2:21-cv-1700 KJN P, because it repeats the same allegations against Sam Hollister.[2]

Due to the duplicative nature of plaintiff's first claim in the present action, such claim is dismissed without leave to amend.

Second Claim

Here, plaintiff sets forth allegations concerning his 2013 arrest, many of which were addressed in Miller v. State of California, No. 2:21-cv-0650 JAM DMC P (E.D. Cal.). As in his prior case, plaintiff alleges he was falsely accused resulting in him having to register as a sex offender. Those claims litigated and decided in Miller v. State of California, No. 2:21-cv-0650 JAM DMC P, are duplicative, as set forth above, and may not be re-litigated herein.

In addition, as explained in such prior case, any other claims related to plaintiff's conviction for a sex crime are barred by Heck v. Humphrey, 512 U.S. 477 (1994). Where a § 1983 action alleges claims which, if successful, would necessarily imply the invalidity of the prisoner's underlying conviction or sentence, such a claim is not cognizable under § 1983 unless the conviction or sentence has first been invalidated on appeal, by habeas petition, or through some similar proceeding. See Heck, 512 U.S. at 483-84 (concluding that § 1983 claim not cognizable because allegations were akin to malicious prosecution action which includes as an element a finding that the criminal proceeding was concluded in plaintiff's favor).

For the above reasons, plaintiff's second claim is dismissed without leave to amend.

Third Claim

In his third claim, plaintiff marked the box "disciplinary proceedings," claiming that on May 12, 2021, K. McTaggart falsely detained plaintiff, and plaintiff claims "abuse of authority,"

---

[2] Plaintiff marked the box "retaliation," but includes no facts identifying any retaliatory actions.

4

and "abuse of power." (ECF No. 1 at 6.) Plaintiff's third claim is unclear. First, he does not name a defendant responsible for the alleged acts. He claims K. McTaggart falsely detained plaintiff, but McTaggart is not named as a defendant, and it is unclear what role McTaggart played. Did McTaggart physically place plaintiff in the segregated housing unit? Or was McTaggart the hearing officer at the hearing on the rules violation? Second, although plaintiff marked the box "disciplinary proceedings," plaintiff's allegations are unclear, other than he alleges he was falsely detained under false accusations of inflicting great bodily injury on laundry staff. (ECF No. 1 at 6.) Plaintiff did not provide a copy of any rules violation report that might assist in interpreting plaintiff's claims.

Therefore, plaintiff's third claim is dismissed with leave to amend. If plaintiff contends his procedural due process rights were violated during a disciplinary hearing, he fails to identify which facts demonstrate such violation. Plaintiff is provided the following standards governing such claims.

Prisoners have a right to due process at prison disciplinary hearings, and the process due in such hearings includes written notice, time to prepare for the hearing, a written statement of decision, allowance of witnesses and documentary evidence when not unduly hazardous, and aid to the accused where the inmate is illiterate or the issues are complex. Wolff v. McDonnell, 418 U.S. 539, 564-70 (1974). Due process also requires that there be "some evidence" to support the disciplinary decision. Superintendent v. Hill, 472 U.S. 445, 454 (1985). The Due Process Clause only requires that prisoners be afforded those procedures mandated by Wolff and its progeny; it does not require that a prison comply with its own, more generous procedures. See Walker v. Sumner, 14 F.3d 1415, 1419-20 (9th Cir. 1994), overruled on other grounds by Sandin, 515 U.S. at 483-84. If due process is satisfied under such standards, the alleged falsification of reports or other evidence does not demonstrate any violation of plaintiff's constitutional rights. See Sprouse v. Babcock, 870 F.2d 450, 452 (8th Cir. 1989); Freeman v. Rideout, 808 F.2d 949, 951 (2nd Cir. 1986); Hanrahan v. Lane, 747 F.2d 1137, 1141 (7th Cir. 1984).

Claims re Defendant Bradford

In his request for relief, plaintiff asks that defendant Bradford be charged with sexual

predatory threats and gang related threats against plaintiff's nine-year old dead sister. (ECF No. 1 at 7.) Plaintiff provided a copy of a citizens' complaint form in which he claims that inmate Bradford threatened to rape plaintiff's baby sister. (ECF No. 1 at 9.)

To prevail on a claim under § 1983, a plaintiff must demonstrate: (1) the violation of a federal constitutional or statutory right; and (2) that the violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Plaintiff is unable to state a cognizable claim against defendant Bradford because he is a fellow inmate. Prisoners do not act under color of state law, and Bradford's actions do not support a civil rights claim. Therefore, defendant Bradford is dismissed without leave to amend.

Admonitions

Plaintiff is advised that he should take care not to repeat claims raised in other actions. As a pro se litigant, plaintiff is responsible to keep track of his cases and diligently litigate them.

In reviewing the court dockets to screen this complaint, the undersigned observed that plaintiff has filed 20 civil rights cases since April of 2021. Plaintiff is cautioned that even when granted in forma pauperis status, he incurs the court's $350.00 filing fee which is deducted from his prison account. In addition, plaintiff risks sustaining strikes under 28 U.S.C. 1915(g). Under the 3-strikes provision, a prisoner may not bring a civil action or appeal a civil judgment in forma pauperis under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Leave to Amend

The court finds the allegations in plaintiff's complaint so vague and conclusory that it is unable to determine whether the current action is frivolous or fails to state a claim for relief. The court determines that the complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint

must give fair notice and state the elements of the claim plainly and succinctly.  Jones v. Cmty. Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim.  Id. Because plaintiff failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed.  The court will, however, grant leave to file an amended complaint.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions about which he complains resulted in a deprivation of plaintiff's constitutional rights.  See, e.g., West v. Atkins, 487 U.S. 42, 48 (1988).  Also, the complaint must allege in specific terms how each named defendant is involved.  Rizzo v. Goode, 423 U.S. 362, 371 (1976).  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo, 423 U.S. at 371; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980).  Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient.  Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This requirement exists because, as a general rule, an amended complaint supersedes the original complaint.  See Ramirez v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" (internal citation omitted)).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the

Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

    3. Plaintiff's complaint is dismissed.

    4. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

        a. The completed Notice of Amendment; and

        b. An original of the Amended Complaint.

Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must also bear the docket number assigned to this case and must be labeled "Amended Complaint."

    Failure to file an amended complaint in accordance with this order may result in the dismissal of this action.

Dated: January 19, 2022

/mill2000.14n

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

8

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIJAH LEE MILLER,<br><br>    Plaintiff,<br><br>    v.<br><br>RAYMOND BRADFORD, et al.,<br><br>    Defendants. | No.  2:21-cv-2000 KJN P<br><br>NOTICE OF AMENDMENT |

    Plaintiff hereby submits the following document in compliance with the court's order filed_____.

_____        Amended Complaint
DATED:

                                    _____
                                    Plaintiff